Rex, J.
Assuming that the instructions given by the court to the jury were pertinent to the evidence given at the trial, we are of opinion that the court did not err in refusing to instruct the jury as requested by the plaintiff in error. The instructions asked are, it seems to us, substantially set out in the charge as given.
The record does not set out the whole of the evidence given at the trial, but so much thereof is set out as to show that the question made at the trial, and upon which the plaintiff in error rested his defense, was, whether Kaufman and Straus were partners in the ownership of the storehouse and goods described in the indictment.
In the view we are inclined to take of the case, the re- *329 suit could not have been in any wise affected, if the jury had found the ownership of the storehouse and goods in either Kaufman or Straus alone instead of in Kaufman and Straus as laid in the indictment, unless the court, before which the trial was had, found that such variance was material to the merits of the case, or prejudicial to the defendant. Section 91 of the code of criminal procedure, 66 Ohio L. 801, provides that “ whenever on the trial of any indictment for any offense, there shall appear to be any variance between the statement in such indictment and the evidence offered in proof thereof.....in the .....description of any matter.....whatsoever therein named or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which such trial shall be had, shall find that such variance is material to the merits of the case, or may be prejudicial to the defendant.”
The statement in the indictment of the names of the owners of the storehouse and goods is, in our opinion, the description of a matter named therein, and therefore the provisions of this section are applicable to any variance that may have appeared on the trial between such statement and the evidence offered in proof thereof; and as no finding appears on the record to the contrary, it will be presumed that if any such variance appeared at the trial, it was not material to the merits of the case, nor prejudicial to the plaintiff in error.
It is claimed that the construction we have given to section 91 is not warranted in view of the provisions of section 97 of the same code. We think otherwise. Section 97 was intended to take the case therein provided for out of the operation of the rule prescribed in section 91, and was not intended to declare the only rule in case of a variance.
The judgment of the Court of Common Pleas is therefore affirmed.
Welch, C. J., White, Gilmore, and McIlvaine, JJ., concurred.